**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **NICHOLAS BOLLETINO, on behalf of himself and similarly situated employees,** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **NO._____** |
| **v.** : | |
| : | **JURY TRIAL DEMANDED** |
| **CELLULAR SALES OF KNOXVILLE, INC., CELLULAR SALES OF PENNSYLVANIA, LLC, CELLULAR SALES OF NEW JERSEY, LLC, CELLULAR SALES OF LOUISIANA, LLC, CELLULAR SALES OF TENNESSEE, LLC, CELLULAR SALES OF TEXAS, LLC, CELLULAR SALES OF NORTHERN FLORIDA, LLC, CELLULAR SALES OF BIRMINGHAM, LLC, CELLULAR SALES OF MISSISSIPPI, LLC, CELLULAR SALES OF NORTH CAROLINA, LLC, CELLULAR SALES OF GEORGIA, LLC, CELLULAR SALES OF KENTUCKY, LLC, CELLULAR SALES OF MISSOURI, LLC, CELLULAR SALES OF INDIANA, LLC, CELLULAR SALES OF OHIO, LLC, CELLULAR SALES OF NEW YORK, LLC, CELLULAR SALES OF DELAWARE, LLC, CELLULAR SALES OF MARYLAND, LLC, and CELLULAR SALES OF SOUTH CAROLINA, LLC,** : : : : : : : : : : : : : : : : : : : : : : : : : | |
| **Defendants.** : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Nicholas Bolletino ("Plaintiff"), on behalf of himself and similarly situated

employees, brings this collective action lawsuit, pursuant to 29 U.S.C. § 216(b), against

Defendants Cellular Sales of Knoxville, Inc., Cellular Sales of Pennsylvania, LLC, Cellular Sales

of New Jersey, LLC, Cellular Sales of Louisiana, LLC, Cellular Sales of Tennessee, LLC, Cellular Sales of Texas, LLC, Cellular Sales of Northern Florida, LLC, Cellular Sales of Birmingham, LLC, Cellular Sales of Mississippi, LLC, Cellular Sales of North Carolina, LLC, Cellular Sales of Georgia, LLC, Cellular Sales of Kentucky, LLC, Cellular Sales of Missouri, LLC, Cellular Sales of Indiana, LLC, Cellular Sales of Ohio, LLC, Cellular Sales of New York, LLC, Cellular Sales of Delaware, LLC, Cellular Sales of Maryland, LLC, and Cellular Sales of South Carolina, LLC (collectively referred to as "Defendants") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and § 1332.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual residing in Sicklerville, New Jersey.

4. Defendant Cellular Sales of Knoxville, Inc. is a corporation headquartered and maintaining a principal place of business at 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919. Julie Dean is the Chief Financial Officer of Defendant Cellular Sales of Knoxville, Inc. Defendant Cellular Sales of Knoxville can be served by and through its Registered Agent, Julie Dean at 6513 Kingston Pike, Suite 106, Knoxville, TN 37919.

5. Defendant Cellular Sales of Pennsylvania, LLC is registered to do business in the Commonwealth of Pennsylvania with a principal business address of 6513 Kingston Pike, Suite

106, Knoxville, Tennessee 37919.  Julie Dean is the Vice President of Defendant Cellular Sales of Pennsylvania, LLC.

6.     Defendant Cellular Sales of New Jersey, LLC is registered to do business in the State of New Jersey with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is the Vice President of Defendant Cellular Sales of New Jersey, LLC. Defendant Cellular Sales of New Jersey can be served by and through its Registered Agent, The Corporation Trust Company at 820 Bear Tavern Road, West Trenton, NJ 08628.

7.     Defendant Cellular Sales of Louisiana, LLC is registered to do business in the State of Louisiana with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is the Vice President of Defendant Cellular Sales of Louisiana, LLC. Defendant Cellular Sales of Louisiana can be served by and through its Registered Agent, CT Corporation System at 5615 Corporate Blvd., Suite 400 B, Baton Rouge, LA 70808.

8.     Defendant Cellular Sales of Tennessee, LLC is registered to do business in the State of Tennessee with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is listed as the registered agent for Defendant Cellular Sales of Tennessee, LLC with the State of Tennessee. Defendant Cellular Sales of Tennessee can be served by and through its Registered Agent, Julie Dean at 6513 Kingston Pike, Suite 106, Knoxville, TN 37919.

9.     Defendant Cellular Sales of Texas, LLC is registered to do business in the State of Texas with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Defendant Cellular Sales of Texas can be served by and through its Registered Agent,

CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

10.     Defendant Cellular Sales of Northern Florida, LLC is registered to do business in the State of Florida with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is listed as the Vice President/Treasurer of Defendant Cellular Sales of Northern Florida, LLC with the State of Florida. Defendant Cellular Sales of Northern Florida can be served by and through its Registered Agent, CT Corporation System at CT Corporation System at 1200 South Pine Island Road, Plantation, FL 33324.

11.     Defendant Cellular Sales of Birmingham, LLC is registered to do business in the State of Alabama.  Defendant Cellular Sales of Knoxville, Inc. is listed as a "Member" of Defendant Cellular Sales of Birmingham, LLC with the State of Alabama. Defendant Cellular Sales of Birmingham can be served by and through its Registered Agent, CT Corporation System at 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

12.     Defendant Cellular Sales of Mississippi, LLC is registered to do business in the State of Mississippi with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is listed as "Manager One" and Secretary of Defendant Cellular Sales of Mississippi, LLC with the State of Mississippi. Defendant Cellular Sales of Mississippi can be served by and through its Registered Agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS, 39232.

13.     Defendant Cellular Sales of North Carolina, LLC is registered to do business in the State of North Carolina with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is listed as a "Manager" and "Vice President/Treasurer" of Defendant Cellular Sales of North Carolina, LLC with the State of North Carolina. Defendant Cellular Sales of North Carolina can be served by and through its

4

Registered Agent, CT Corporation System at 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

14.     Defendant Cellular Sales of Georgia, LLC is registered to do business in the State of Georgia with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is listed as an individual authorized to verify information on behalf of Defendant Cellular Sales of Georgia, LLC with the State of Georgia. Defendant Cellular Sales of Georgia can be served by an through its Registered Agent, CT Corporation System at 1201 Peachtree Street NE, Atlanta, GA 30361.

15.     Defendant Cellular Sales of Kentucky, LLC is registered to do business in the Commonwealth of Kentucky with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Julie Dean is listed as "Manager—Vice President/Treasurer" of Defendant Cellular Sales of Kentucky, LLC with the Commonwealth of Kentucky. Defendant Cellular Sales of Kentucky can be served by and through its Registered Agent, CT Corporation System at 306 West Main Street, Suite 512, Frankfort, KY 40601.

16.     Defendant Cellular Sales of Missouri, LLC is registered to do business in the State of Missouri with a principal business address in Knoxville, Tennessee.  Julie Dean is listed as "Vice President" and "Organizer" of Defendant Cellular Sales of Missouri, LLC. Defendant Cellular Sales of Missouri can be served by and through its Registered Agent, CT Corporation System at 120 South Central Avenue, Clayton, MO 63105.

17.     Defendant Cellular Sales of Indiana, LLC is registered to do business in the State of Indiana with a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919.  Defendant Cellular Sales of Indiana can be served by and through its Registered Agent, CT Corporation System at 251 E. Ohio Street, Suite 1100, Indianapolis, IN

46204.

18.     Defendant Cellular Sales of Ohio, LLC is registered to do business in the State of Ohio with a principal business address in Knoxville, Tennessee. Julie Dean is listed as an "Authorized Representative" of Defendant Cellular Sales of Ohio, LLC with the State of Ohio. Defendant Cellular Sales of Ohio can be served by and through its Registered Agent, CT Corporation System at 1300 East Ninth Street, Cleveland OH 44114.

19.     Defendant Cellular Sales of New York, LLC is registered to do business in the State of New York. Upon information and belief, Defendant Cellular Sales of New York, LLC has a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919. Defendant Cellular Sales of New York can be served by and through its Registered Agent, CT Corporation System at 111 Eighth Avenue, New York, NY 10011.

20.     Defendant Cellular Sales of Delaware, LLC is registered to do business in the State of Delaware. Upon information and belief, Defendant Cellular Sales of Delaware, LLC has a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919. Defendant Cellular Sales of Delaware can be served by and through its Registered Agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

21.     Defendant Cellular Sales of Maryland, LLC is registered to do business in the State of Maryland. Upon information and belief, Defendant Cellular Sales of Maryland, LLC has a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919. Defendant Cellular Sales of Maryland can be served by and through its Registered Agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

22.     Defendant Cellular Sales of South Carolina, LLC is registered to do business in

the State of South Carolina. Upon information and belief, Defendant Cellular Sales of South Carolina, LLC has a principal business address of 6513 Kingston Pike, Suite 106, Knoxville, Tennessee 37919. Defendant Cellular Sales of South Carolina can be served by and through its Registered Agent, CT Corporation System at 2 Office Park Court, Suite 103, Columbia SC 29223

23.     Defendants are operated and controlled in a unified and common manner for the common business purpose of operating authorized wireless phone stores for Verizon Wireless throughout the United States.

24.     Defendants' business enterprise has an annual gross volume of sales made or business done in excess of $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

25.     Defendants employ individuals engaged in commerce or in the handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

26.     Defendants are an enterprise covered by the FLSA.

### FACTS

27.     Defendants do business under the fictitious name of "Cellular Sales."

28.     Defendants' corporate website advertises that it "is an exclusive retailer for Verizon Wireless products and services" encompassing "nearly 500 cellular stores" across the country with approximately "3,500 sales professionals."

29.     During the past three years, Defendants have employed hundreds of individuals across the country, including Plaintiff, as sales professionals who are assigned by Defendants to work at designated Verizon Wireless stores. These individuals shall be referred to herein as

"Sales Professionals."

30.     Up until January 2012, Defendants paid Plaintiff and other Sales Professionals strictly on a commission basis that did not provide overtime premium compensation for hours worked over 40 in a single workweek.

31.     Under this compensation structure, Plaintiff and the other Sales Professionals had no meaningful opportunity for profit or loss depending on their managerial skill.  Moreover, through their work for Defendants, Plaintiff and other Sales Professionals forged consistent and long term working relationships with Defendants.

32.     The work performed by Plaintiff and the other Sales Professionals was an integral part of Defendants' business marketing and selling Verizon Wireless products to individual and business customers.

33.     The Plaintiff and the other Sales Professionals were economically dependent on Defendants for their livelihoods and exercised virtually no independent control over their employment.

34.     The work performed by Plaintiff and the other Sales Professionals did not require any special skill, extensive training or expert knowledge.

35.     In fact, all of the skills necessary to adequately perform the job responsibilities as a Sales Professional were obtained during a mandatory week-long classroom training session that was organized and operated by Defendants for Plaintiff and other Sales Professionals.

36.     Plaintiff and the other Sales Professionals did not have a significant degree of control over the work they performed.  For example, Defendants micromanaged and controlled virtually every aspect of the day-to-day activities of Plaintiff and the other Sales Professionals through a wide variety of reports, instructions, policies and procedures.

37.     Plaintiff and other Sales Professionals would also be subject to discipline by Defendants if they did not adhere to Defendants' various policies and procedures.

38.     Pursuant to Defendants' common business practices, Plaintiff and the other Sales Professionals were employed on a permanent, full-time basis and were not able to perform work for other companies.

39.     Plaintiff and the other Sales Professionals were directly employed by Defendants and were not exempt from the FLSA's wage and overtime mandates.

40.     Up until January 2012, Defendants, pursuant to its common business practice, misclassified Plaintiff and the other Sales Professionals as "independent contractors" even though, under the FLSA's broad definition of employment, Defendants maintained an employment relationship with Plaintiff and the other Sales Professionals.

41.     Plaintiff and the other Sales Professionals regularly worked in excess of 40 hours per workweek.  For example, Plaintiff estimates that he regularly worked over 50 hours each week as a Sales Professional for Defendants and often more.

42.     Up until January 2012, Defendants failed to pay Plaintiff and other Sales Professionals any compensation for hours worked over 40 in a workweek.

43.     In January 2012, Defendants reclassified and converted all Sales Professionals from "independent contractors" to "employees" entitled to overtime premium compensation.

44.     In failing to pay Plaintiff and the other Sales Professionals the required overtime compensation for any overtime hours worked, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this FLSA lawsuit pursuant to 29 U.S.C. § 216(b) as a collective

action on behalf of the following class of potential opt-in litigants:

> All individuals who worked for Defendants as Sales Professionals and were classified as independent contractors by Defendants during any time since March 19, 2009.

46.     Plaintiff and other class members are similarly situated, as that term is defined under 29 U.S.C. § 216(b) and the associated caselaw, *see, e.g.*, *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), because, *inter alia*, they all were subjected to Defendants' common company practice of classifying Sales Professionals as independent contractors and regularly requiring them to work over 40 hours per week without receiving any overtime premium compensation.

## COUNT I

47.     All previous paragraphs are incorporated as though fully set forth herein.

48.     Plaintiff and the class members are employees entitled to the FLSA's protections.

49.     Defendants are employers covered by the FLSA.

50.     The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

51.     The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

52.     Defendants violated the FLSA by failing to pay Plaintiff and the class members any compensation, including overtime premium compensation, for hours worked over 40 during the workweek.

53.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and other similarly situated employees who opt-in to this action:

A.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members apprising them of the pendency of this action and permitting them to join this action;

C.      Unpaid wages (including overtime wages) and prejudgment interest to the fullest extent permitted under the law;

D.      Liquidated damages to the fullest extent permitted under the law;

E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F.      Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all claims so triable.

Date:  March 21, 2012                    Respectfully submitted.


                                         /s/ David W. Garrison_____
                                         George E. Barrett, Esq. (BPR # 2672)
                                         David W. Garrison, Esq. (BPR # 24968)
                                         Scott P. Tift, Esq. (BPR # 27592)
                                         BARRETT JOHNSTON LLC
                                         217 Second Avenue
                                         Nashville, TN  37201
                                         Phone: (615) 244-2202
                                         gbarrett@barrettjohnston.com
                                         dgarrison@barrettjohnston.com
                                         stift@barrettjohnston.com

Peter Winebrake, Esq. (*pro hac vice admission anticipated*)
R. Andrew Santillo, Esq. (*pro hac vice admission anticipated*)
Mark J. Gottesfeld, Esq. (*pro hac vice admission anticipated*)
THE WINEBRAKE LAW FIRM, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

Robert E. DeRose, Esq. (*pro hac vice admission anticipated*)
Katherine A. Stone, Esq. (*pro hac vice admission anticipated*)
Jenna Wagner, Esq. (*pro hac vice admission anticipated*)
BARKAN MEIZLISH HANDELMAN GOODIN
    DEROSE WENTZ, LLP
250 E. Broad Street, 10th Floor
Columbus, OH  43215
Phone: (614) 221-4221
bderose@barkanmeizlish.com
kstone@barkanmeizlish.com
jwagner@barkanmeizlish.com

*Attorneys for Plaintiff*