UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NICHOLA BOLLETINO, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-138 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| CELLULAR SALES OF KNOXVILLE, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Docs. 50, 58] referring Defendants' Motion for Stay of Discovery and Rule 26 Disclosures and Memorandum of Law in Support Thereof [Doc. 49] and Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-in Plaintiffs [Doc. 58] to the undersigned for disposition or report and recommendation as may be appropriate.

The parties appeared before the Court on July 25, 2012. Attorney David Wilson Garrison was present representing the Plaintiffs, and Attorneys R. Deno Cole and Larry Carbo were present representing the Defendants. At the conclusion of the hearing, the Court took the matters before it under advisement to allow time for briefing on both motions to be completed. The motions are now ripe for adjudication. For the reasons stated below, the Motion for Stay of Discovery and Rule 26 Disclosures and Memorandum of Law in Support Thereof **[Doc. 49]** will be **GRANTED IN PART** and **DENIED IN PART,** and Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-in Plaintiffs **[Doc. 58]** will be **GRANTED IN PART** and **DENIED IN PART.**

A.  **Defendants' Motion for Stay of Discovery and Rule 26 Disclosures and Memorandum of Law in Support Thereof**

In the Motion to Stay and its supporting memorandum, the Defendants move the Court to stay all discovery in this case, including disclosures under Rule 26 of the Federal Rules of Civil Procedure pending the Court's ruling on their motions to dismiss. [Doc. 49 at 1]. In support of this request, the Defendants note that fifteen defendants named in this suit have moved to dismiss the suit for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and all of the defendants have moved to dismiss the case pursuant to both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. [Doc. 49 at 1]. The Defendants argue that staying discovery will promote judicial economy and will not prejudice the Plaintiffs. [Doc. 49 at 5-6].

The Plaintiffs respond that the Court should deny the Defendants' Motion to Stay, because denying the motion will ensure judicial economy and will avoid substantial prejudice to the potential opt-in plaintiffs. [Doc. 55 at1]. The Plaintiffs submit that a stay of discovery will indefinitely delay the filing of Plaintiff's motion for conditional certification of a collective action. [Doc. 55 at 2]. Plaintiffs argue that this delay will prejudice potential opt-in plaintiffs because their statutes of limitations will continue to run until they file consents to join the suit. [Id.].

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir. 1981). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." Osman v. Mission Essential Personnel, LLC, 2012 WL 1831706, at *1 (S.D. Ohio 2012) (citing Marrese v. Amer. Academy of Orthopedic Surgeons,

706 F.2d 1488, 1493 (7th Cir. 1983)). "Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery." Id.

In this case the Defendants have moved to dismiss this case on a number of grounds. First, the Defendants argue that this Court lacks personal jurisdiction over many of the entities named as defendants. [Doc. 30]. Courts in the Sixth Circuit have found that such motions do not support staying discovery. Charvat v. NMP, LLC, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) (declining to stay discovery pending resolution of a motion to dismiss for lack of personal jurisdiction because such motions go only to the forum in which a case proceeds and any discovery taken while such a motion is pending would be available for the parties to use if the case refiled in another district). The Court finds that the pending motion to dismiss based on lack of personal jurisdiction does not support staying discovery in this case.

The Defendants next argue that the Court should stay discovery pending a decision on its motion to dismiss based upon an alleged agreement amongst the parties to arbitrate these claims. The Court finds that this position is not a persuasive basis for staying discovery in this matter, because the arbitration agreement, which the Defendants allege applies to these claims, allows for limited discovery in the form of an "exchange of documents that the parties intend to use to support their claims and defend against the other parties' claims . . . ." [Doc. 29-1 at 2]. Thus, at least the preliminary discovery sought by Plaintiffs would be required either in this case or in the arbitration forum if the case is referred to arbitration.

Finally, the Defendants have moved the Court to dismiss the Plaintiffs' claims because the Complaint does not sufficiently identify Plaintiff Nicholas Bolletino's employer or the market in which he worked. The Defendants move the Court to dismiss the Complaint because Mr. Bolletino has not identified an employer or sufficiently alleged facts demonstrating the

3

existence of an integrated enterprise to establish that the nineteen entities named as defendants constitute a single employer. [Doc. 29 at 3]. This alleged lack of a *prima facie* claim, if true, may support dismissing this matter in whole, rather than transferring it to another venue or jurisdiction. The Court finds that this motion to dismiss will support staying discovery until the Court rules on Defendants' Motion to Dismiss, Compel Arbitration, and Dismiss Class Collective Action Allegations Under Rule 12(b)(1) and Sections 3 and 4 of the FAA, or, in the Alternative, Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim [Doc. 29].

The undersigned would note that in making this decision, the Court has considered that the Motion to Dismiss is set for arguments before the District Judge on October 9, 2012. The Court has further considered that relief from the statute of limitations will be afforded to the Plaintiffs as stated below.[1] With all of this in mind, the Court finds that the burden of proceeding with discovery upon the party from whom discovery is sought outweighs the hardship which will be worked by a denial of discovery.

Accordingly, the Defendants' Motion for Stay of Discovery and Rule 26 Disclosures **[Doc. 49]** is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted and discovery in this matter is **STAYED**, pending disposition of the Defendants' Motion to Dismiss, Compel Arbitration, and Dismiss Class Collective Action Allegations Under Rule 12(b)(1) and Sections 3 and 4 of the FAA, or, in the Alternative, Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim [Doc. 29]. All other relief sought therein – including the request for a stay pending resolution of the requests for dismissal based upon personal jurisdiction or an arbitration agreement – is denied.

---

[1] The Plaintiffs have stated that if the Plaintiffs' Motion for Equitable Tolling is granted, the Plaintiff will no longer oppose the Defendant's Motion to Stay Discovery. [Doc. 62]. Defendants have filed a response disputing the effect of this concession. [Doc. 65].

4

### B.     Motion for Equitable Tolling on Behalf of Potential Opt-In Plaintiffs

At the hearing, the Court also addressed the Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-In Plaintiffs [Doc. 58].[2] In the Motion for Equitable Tolling, the Plaintiff moves the Court to toll the statute of limitations for potential opt-in plaintiffs starting from either: (1) March 21, 2012, the date on which this case was filed, or (2) April 16, 2012, the date on which the Defendants moved to dismiss this action. [Doc. 58]. In support of the requested relief, the Plaintiffs argue, *inter alia*, that the delay in discovery in this matter will prevent the named Plaintiffs from sending notice of this suit to potential opt-in plaintiffs. [Doc. 59 at 12]. Assuming a collective action is authorized in this case, the statutes of limitations for these opt-in plaintiffs will continue to run until they receive notice of the suit *and* file a consent to join the suit. [Id.]. Thus, the Plaintiffs argue that the delay caused by staying discovery and the disposition of the motions to dismiss "will be extremely prejudicial to potential opt-in plaintiffs who, through no fault of their own, will have their FLSA claims extinguished through the passage of time." [Doc. 59 at 12].

The Defendants respond that equitable tolling is not warranted in this case, because the time lapse that is likely to occur will not be exceptional. [Doc. 64 at 1-2]. Defendants rely heavily on case law from the Eleventh Circuit [Doc. 64 at 3, 4, 5], but they also cite the Court to the well-established rule that equitable tolling be used only sparingly. The Defendants argue that if equitable tolling is allowed in this case it will lead to widespread use of equitable tolling, and eventually, a scenario in which the exceptional remedy of tolling is the rule. [Doc. 64 at 7].

---

[2] The motion had not yet been referred to the undersigned at the time of the hearing. The parties, however, presented their positions in anticipation of its being referred, and shortly after the hearing, the Motion for Equitable Tolling was referred to the undersigned by the District Judge.

5

It is well-established that equitable tolling should be granted only sparingly. Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 90 (1990); Amini v. Overlin Coll., F.3d 493, 500 (6th Cir. 2001). The Supreme Court of the United States has explained, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Court of Appeals for the Sixth Circuit has identified five factors for trial courts to consider in evaluating requests for equitable tolling, which include: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Allen v. Yukins, 366 F.3d 396, 401-402 (6th Cir. 2004).

Courts within this Circuit have applied these factors to requests for equitable tolling in FLSA claims and concluded that the relief requested should be granted. In Abadeer v. Tyson Foods, Inc., 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010), the court found that equitable tolling of the FLSA action was appropriate to allow the court time to rule on pending motions and so as not to prejudice the workers involved in the suit, id. at *3. The court in Baden-Winterwood v. Life Time Fitness, 484 F.Supp.2d 822, 826 (S.D. Ohio 2007), also found that tolling the statute of limitations for the FLSA claims was appropriate.

In this case, the Court finds that the request for equitable tolling is well-taken. The Court finds the potential opt-in plaintiffs almost certainly lack notice or constructive knowledge of the filing requirement and lack knowledge of the FLSA or their potential claim. The Court further finds that the named Plaintiffs have been diligent in pursuing their rights. There will be

essentially no prejudice to the Defendants because discovery has been stayed at their request, and the equitable tolling will not increase the number of persons who had claims against the Defendants. It will simply prevent preclusion of claims based upon the delay in discovery and any collective action certification.

Based upon the foregoing, the Court will grant the Plaintiffs' requested relief, except that the Court finds that the tolling of the statute of limitations should begin on the date the Motion to Stay Discovery was filed by the Defendants. The Court has considered the Defendants' argument that the delay in this case is not exceptional, and the Court finds that the delay became exceptional when the Defendants moved to stay the discovery in this matter. The Motion to Stay Discovery was filed June 6, 2012, and at that point, the Court finds that this case deviated from the usual timeline for a FLSA action. Thus, the Court will allow equitable tolling from June 6, 2012, until such time as the stay of discovery in this case is lifted.

Accordingly, the Court finds that the Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-In Plaintiffs **[Doc. 58]** is well-taken and it is **GRANTED IN PART** and **DENIED IN PART**, as stated above.

### C. Conclusion

The Motion for Stay of Discovery and Rule 26 Disclosures and Memorandum of Law in Support Thereof **[Doc. 49]** and Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-in Plaintiffs **[Doc. 58]** are **GRANTED IN PART** and **DENIED IN PART.**

Discovery in this matter is **STAYED** pending disposition of the Defendants' Motion to Dismiss, Compel Arbitration, and Dismiss Class Collective Action Allegations Under Rule 12(b)(1) and Sections 3 and 4 of the FAA, or, in the Alternative, Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim [Doc. 29]. The Defendants are **ORDERED** to move for the stay of discovery to be lifted within **three (3) days** of the District Judge issuing a ruling on the Motion to Dismiss, unless the ruling supports dismissing this case in its entirety.

In addition, the statutes of limitations applicable to the FLSA claims that Plaintiffs seek to litigate on behalf of themselves and any opt-in plaintiffs are **TOLLED** from June 6, 2012, until the stay of discovery is lifted.

**IT IS SO ORDERED.**

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge