IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NICHOLAS BOLLETINO, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> CELLULAR SALES OF KNOXVILLE, INC. *et al.*, <br> Defendants. | 3:12-cv-00138 |

## STIPULATION AND ORDER

**AND NOW**, this 14 day of November 2012, all parties to the above-captioned action, by and through their undersigned counsel, hereby **STIPULATE** as follows:

1. Defendants consent to conditional certification, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA Section 16(b)"), 29 U.S.C. § 216(b), of a collective consisting of all individuals who, during any workweek between June 6, 2009[1] and December 31, 2011, (i) performed sales services for Cellular Sales of Knoxville, Inc. or any of its subsidiaries or related entities in any state other than New York or South Carolina; (ii) were classified as non-employee contractors; and (iii) were paid, in whole or in part, on a commission basis. These individuals shall be referred to herein as the "FLSA Collective."

2. This stipulated order shall not be interpreted as a waiver of Defendants' future right to seek consolidation, decertification, modification, or redefinition of the FLSA Collective at a later stage in this litigation. In fact, the parties recognize that Defendants continue to assert that this matter should not proceed to trial or arbitration as a collective action.

3. This stipulated order shall not be interpreted as a waiver of Defendants' future right to assert that a two-year (rather than a three-year) limitations period applies to this action under 29

---

[1] The parties recognize that, depending on future rulings regarding whether a two-year or three-year limitations period applies to this action, Originating Plaintiff Bollentino and any other individuals who joined this action prior to June 6, 2012 may be eligible to recover damages for workweeks prior to June 6, 2009.

U.S.C. § 255(a). In fact, the parties recognize that Defendants continue to assert that a two-year limitations period applies to this action.

4. On or before November 26, 2012, the parties shall submit to the Court their proposed versions of the "Notice of Collective Action Lawsuit" to be mailed to the FLSA Collective and any authority in support of their respective positions.

5. Within fourteen (14) days of the Court entering an order on the language of the Notice of Collective Action Lawsuit, Defendant shall produce to Plaintiff's counsel a list containing the name and most recent address of each member of the FLSA Collective.

6. Within twenty-one (21) days of the Court entering an order on the language of the Notice of Collective Action Lawsuit, Plaintiffs' counsel shall mail to all members of the FLSA Collective finalized copies of the "Notice of Collective Action Lawsuit" and "Opt-In Consent Form" and a postage-paid return envelope bearing Plaintiff's counsel's address (collectively the "Notice Package"). Plaintiffs' counsel shall pay all postage and printing costs associated with the preparation and mailing of the Notice Packages. If any Notice Package is returned as undeliverable, Plaintiffs' counsel shall make all reasonable efforts to update the address information and re-send the Notice Package.

7. In order to participate in this action as an opt-in party plaintiff under FLSA Section 16(b), a class member must complete his/her Opt-In Consent Form and return it in an envelope postmarked on or before the deadline indicated in the Notice Package, which shall be set at forty-two (42) days after the initial mailing date.

8. Within seven (7) days of the opt-in deadline described in paragraph 7, Plaintiffs' counsel shall file with the Court all completed and timely Opt-In Consent Forms, and, prior to filing, the parties shall confer in good faith to amicably resolve any disputes concerning the completeness or timeliness of any Opt-In Consent Forms.

9. Within seven (7) days of the opt-in deadline described in paragraph 7, the parties shall jointly submit to the Court a proposed schedule for the completion of this litigation.

10. Defendants' pending "Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. 30) is **WITHDRAWN** without prejudice to Defendants filing the motion at a later date. The withdrawal of this motion shall not be interpreted as a waiver of Defendants' right to renew the legal arguments and challenges described therein.

11. Defendants' pending "Motion to Dismiss, Compel Arbitration, and Dismiss Class/Collective Action Allegations Under Rule 12(b)(1) and Sections 3 And 4 of the FAA, or, in the Alternative, Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim" (Doc. 29) is **WITHDRAWN** without prejudice to Defendants filing the motion at a later date. The withdrawal of this motion shall not be interpreted as a waiver of Defendants' right to renew the legal arguments and challenges described therein.

12. Defendants' time to file a responsive pleading to Plaintiff Bollentino's Complaint is **STAYED** until further order of the Court.

13. All discovery is **STAYED** until further order of the Court.

**AGREED** this 14 **day of November, 2012, by and between the undersigned counsel:**

/s/ Larry Carbo
C. Larry Carbo, Esq.
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith Street
Suite 1400
Houston, TX 77002
(713) 654-9630

One of Defendant's Lawyers

/s/ Peter Winebrake
Peter Winebrake, Esq.
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

One of Plaintiffs' Lawyers

**SO ORDERED** this 14 day of November, 2012.

HON. TENA CAMPBELL

3